IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT A. AMORE, | ) |
| Plaintiff | ) |
| v. | ) No. 05 C 0266 |
| PFIZER, INC., a Delaware corp. | ) Judge Wayne R. Andersen |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion to dismiss Count I of the amended complaint. For the following reasons, we grant the motion.

## BACKGROUND

On April 16, 1999, plaintiff, Vincent Amore, began his employment as a healthcare representative with the defendant, Pfizer, Inc. Amore's primary responsibility was to promote Pfizer pharmaceuticals to doctors in his sales territory. To facilitate sales, Pfizer provides its salespeople with free samples to give to customer doctors. During the term of Amore's employment, Pfizer generally distributed starter drug samples to the plaintiff by delivering them to a storage locker at a Public Storage facility in Schiller Park, Illinois.

On January 17, 2003, Amore received a message from a delivery service indicating that a delivery of drug samples had been made to his Public Storage locker. On January 21, 2003, Amore checked his locker and noticed the samples had not been delivered. On that day, Amore called the Pfizer district manager, David Knight, to report the samples had not arrived. After alerting the delivery service and Public Storage that the samples had not been deposited in this

1

locker, Amore spoke again with Knight, who told him the matter would be investigated.

Between March and April 2003, Pfizer purported to investigate the disappearance of the missing samples and put Michael Keenan, a supervisor of corporate security, in charge. During the months of March and April 2003, Keenan questioned Amore and, allegedly, told Amore that he believed Amore was involved in the disappearance of the drug samples. On May 5, 2003, after having purported to conduct an investigation, Pfizer discharged Amore. In the letter discharging plaintiff, Pfizer stated that "based on our findings from the investigation we concluded that we were no longer confident in your ability to properly administer and maintain starters." (Compl. ¶ 45.)

On July 28, 2004, Public Storage contacted Amore to tell him that the samples had been found in the locker adjacent to the one Amore used while employed by Pfizer. In his complaint, Amore maintains that Keenan lied to him when he told him earlier that the adjacent lockers had been searched as part of the investigation. Amore, an American of Italian origin, also alleges in his complaint that, upon allegedly realizing he had been presumed guilty by Keenan, he remembered that during the investigation, Keenan had allegedly referred to and mocked Amore's "Sopranos-esque" mannerisms and was questioned about his ties to organized crime. (Id. ¶ 58.) Amore also complains that, prior to the missing drug sample incident, his district manager, Knight, had allegedly ridiculed his Sicilian heritage. He claims that "[t]he significance of these statements were not recognizable . . . until after July 28, 2004," which again is the date the missing drugs were located by Public Storage. (Id. ¶ 59.)

On August 31, 2004, Amore filed a charge of national origin discrimination with the Equal Employment Opportunity Commission ("EEOC"). On November 16, 2004, the EEOC

sent Amore a notice of his right to sue. On January 14, 2005, Amore filed a two-count complaint in this Court and on May 6, 2005, he amended the complaint. In Count I of the amended complaint, Amore alleges Pfizer "engaged in unequal and discriminatory treatment of Mr. Amore on the basis of national origin . . . in violation of 42 U.S.C. § 2000e, *et seq.*, as amended." (*Id.* ¶ 69.) In Count II, a defamation claim, he alleges company officials made false statements that he had stolen the missing drugs. Before the Court now is Pfizer's motion to dismiss Count I.

## STANDARD OF REVIEW

Defendant has filed its motion under Federal Rule of Civil Procedure 12(b)(6), which permits dismissal of a complaint for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## DISCUSSION

Amore was discharged from his employment at Pfizer on May 5, 2003 and filed a charge of national origin discrimination with the EEOC over a year later on August 31, 2004. Under Title VII of the Civil Rights Act of 1964, an EEOC charge "shall be filed within one hundred and eighty days after the alleged unlawful employment occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days

3

after the alleged unlawful employment occurred . . . ." 42 U.S.C. § 2000e-5(e). In its motion to dismiss, Pfizer argues plaintiff is time barred from bringing a Title VII claim under this statute because a period of more than 300 days elapsed between plaintiff's discharge and the filing of his EEOC charge.

The Seventh Circuit has determined that the statute of limitations for the filing of an EEOC charge begins when a plaintiff discovers he is injured. *Bishop v. Gainer*, 272 F.3d 1009, 1014 (7th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002). In this case, by the time plaintiff was discharged on May 5, 2003, all facts alleged in the complaint regarding national origin discrimination were known to the plaintiff. Accordingly, the 300-day statute of limitations was triggered by his discharge on May 5, 2003, making untimely the filing of his EEOC charge.

Amore agrees that the period for filing an EEOC charge began to run on the day of his discharge. (Pl. Resp. at 3.) He argues, however, that the limitations period was equitably tolled until July 28, 2004, the day he was notified the drugs were found. He concludes Pfizer failed to conduct a thorough investigation of the missing drugs, revealing, according to plaintiff, that Pfizer's real motive in discharging him was discrimination based on his national origin.

Indeed, equitable tolling may delay the running of the statute of limitations until the plaintiff has, by the exercise of due diligence, realized he had a claim. *Allen v. Chicago Transit Authority*, 317 F.3d 696, 698 (7th Cir. 2003). "Equitable tolling permits a plaintiff to 'avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.'" *Wochholz v. AARP*, No. 02 C 5881, 2003 WL 548834, at *2 (N.D. Ill. Feb. 24, 2003) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)).

In this case, however, plaintiff was aware of the anti-Italian comments that were purportedly made as of the date of his discharge on May 5, 2003. The discovery on July 28, 2004 of the missing drugs cannot be said to have informed plaintiff of Pfizer's allegedly discriminatory intent any more than he was informed of it as of the date of his discharge. If Amore believes now that he was discharged for being Italian and not for losing the drug samples, as the company stated in its letter to him, he would have been able to draw the same conclusion within 300 days of the date of his discharge. "A reasonable person in plaintiff's position would have known that he was injured and had a potential claim when he was discharged from a job . . . for allegedly discriminatory reasons." *Cebuhar v. Dept. of Alcoholism and Substance Abuse*, No. 96 C 7363, 1997 WL 222871, at *6 (N.D. Ill. Apr. 24, 1997). We, therefore, conclude the doctrine of equitable tolling does not apply in this case. As the Seventh Circuit has noted: "It is, after all, an equitable doctrine. It gives the plaintiff extra time if he needs it. If he does not need it, there is no basis for depriving the defendant of the protection of the statute of limitations." *Cada*, 920 F.2d at 452.

Because the doctrine of equitable tolling does not apply, the 300-day statute of limitations bars plaintiff's claim under Title VII. Accordingly, we grant defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, we grant defendant's motion to dismiss Count I of the amended complaint [# 15-1, 2]. Defendant is given 20 days from the date of the entry of this order to answer Count II of the complaint. Defendant's motion to dismiss the original complaint [# 9-1, 2] is denied as moot.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: August 2, 2005